UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KAREN CYR,

                              Plaintiff,

        v.                                        5:11-cv-817

BERRY PLASTICS CORPORATION,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiff Karen Cyr commenced the instant action pursuant to Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e et seq., claiming that she was sexually harassed and

otherwise discriminated against by Defendant Berry Plastics Corporation during the course of

her employment.  Presently before the Court is Defendant's motion to dismiss pursuant to

Fed. R. Civ. P. 12.

I.      FACTS

        The following facts are taken from Plaintiff's *Pro Se* Complaint and for purposes of

this motion are assumed to be true.

        Plaintiff began working for Defendant as a material handler in October 2001.

Shortly thereafter, Plaintiff was informed that Vince Santaro, the Maintenance Team Leader,

often shared sex videos and photos of women with whom he had sex with other employees.

In 2003, Plaintiff was promoted to the position of fork lift driver.  On December 13, 2004,

Plaintiff's supervisor, Matt MacDonald, accused Plaintiff of "shorting" a truck.  After being

yelled and screamed at by MacDonald for forty-five minutes, Plaintiff signed a paper agreeing that she shorted the truck.

Company policy requires that fork lift drivers place products on the shelves before entering them on the computer.  Men routinely entered products into the computer prior to placing them on the shelves.  On February 2, 2008, Tim Higgins wrote a disciplinary note falsely stating that Plaintiff entered the products into the computer prior to placing them on the shelves.  A similar scenario occurred on March 10, 2007.

On two occasions in 2007, Plaintiff complained to Dori Schaeffer, the Human Resources Supervisor, concerning harassment by Higgins.  Plaintiff claims that Higgins had male employees watch Plaintiff's work and report back to him.  Higgins claimed to have pictures of Plaintiff sleeping on pallets.  Higgins yelled at Plaintiff and threatened to fire her.  On March 10, 2007, Higgins had Plaintiff suspended from work for claimed errors in her work.

On July 16, 2009, Higgins again yelled at Plaintiff, kicked her off the fork lift and fired her.  In the summer of 2009, Jessica Dempster came to work in shorts.  Jody Exner, a Mold Technician, pulled down Dempster's shorts.  Exner was suspended for three days.  Exner and another worker reported the incident to Plaintiff.  Female employees also reported to Plaintiff that Exner had "a reputation for dry humping women on the production floor."

Plaintiff also alleges that, on various occasions, male fork lift drivers were permitted to take breaks, but that she was not.  After complaining, she was told she could take breaks but, when she did so, the male employees would make a mess for Plaintiff to clean up when she returned from break.

In October 2009, Ed McCarthy, a fork lift driver, took pictures of his penis on his cell phone and showed it to two co-workers, asking one of them, Marie Brown, to have sex with him.  Brown reported this to Plaintiff.

The Complaint further alleges that Higgins frequently talked to Plaintiff about problem he was having with his wife.  "Plaintiff felt this was inappropriate, and it made her uncomfortable, as she felt that Mr. Higgins was trying to pick her up."  Compl. at ¶ 30.

In 2009, Jacob Dubbs quit his position as third shift fork lift driver.  Although Plaintiff was next in line for the position by virtue of her seniority, Higgins told Plaintiff she would not get the job.  In September 2009, a worker was fired for insubordination.  The vacant job was going to be posted for bids.  On September 16, 2009, Plaintiff's time card was taken away from her.[1]  She did not return to work until October 6, 2009.  The job was posted in this intervening period.  Because Plaintiff was suspended, she was not permitted to bid on the job.  In October 2009, a pallet was found to have a mistaken label.  Plaintiff was disciplined for the error, including being suspended, and, therefore, not permitted to bid for an assistant material manager job.  The assistant material manager job was given to Ed McCarthy.

In May 2010, Jacob Dubbs took trash barrels away from Plaintiff making her job more difficult.  On June 28, 2010, Plaintiff told Schaffer that Higgins was harassing her and discriminating against her.  On July 7, 2010, "Plaintiff was fired for the third time." Compl. at ¶ 45.

In July 2010, Plaintiff field a charge of discrimination with the New York State Division of Human Rights that was cross-filed with the Equal Employment Opportunity

---

[1] It appears that Plaintiff was suspended from work.

Commission.  In the charge, Plaintiff claimed that she was discriminated against on account of her gender by Tim Higgins and Paul Palireno.[2]  On the area of the form asking for "acts of discrimination," Plaintiff checked the boxes for "fired me," "harassed or intimidated me (other than sexual harassment)," "gave me different or worse job duties than other workers in my same title," and "gave me a disciplinary notice or negative performance evaluation."  In the narrative section of the charge, Plaintiff complained that Higgins was having other employees watch Plaintiff; Jake Dubb was being "harsh" to Plaintiff and was permitted to take away her trash barrels; Plaintiff was terminated for breaking the "second last chance agreement;" Higgins gave out overtime unfairly; and Higgins gave out better paying jobs to other workers.

After receiving a right to sue letter, Plaintiff commenced the instant action claiming that Defendant provided men with better working conditions and terms of work than woman (First Cause of Action), Defendant permitted women to work in a hostile work environment (Second Cause of Action), Defendant disciplined her for acts it permitted men to perform (Fourth Cause of Action), and Defendant violated the New York State Labor Law by failing to provide breaks (Fifth Cause of Action).[3]

Presently before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12 on the grounds that: (1) Plaintiff failed to properly effectuate service of process; (2) Plaintiff failed to exhaust her administrative remedies; (3) Plaintiff fails to state a claim for a hostile work environment; (4) certain acts are time-barred; (5) the failure to promote claim

---

[2] Plaintiff did not check the box for "sexual harassment."

[3] The Third Cause of Action claims emotional distress as a result of Defendant's conduct.

fails to state a claim; (6) the Third Cause of Action for emotional damages fails to state a claim; and (7) the Fifth Cause of Action fails to state a claim.

## II.        STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . .  a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1964-65.  "Factual allegations must be enough to raise a right to relief above the speculative level. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. at 1965.  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  Id. at 1965 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement."  Ashcroft, 129 S. Ct. at 1949.  Legal conclusions must be supported by factual allegations.  Iqbal, at 1950.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949.  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. 557) (internal quotations omitted).

With this standard in the mind, the Court will address the pending motion to dismiss.

## III.    DISCUSSION

### a.    Improper Service

Defendant first moves to dismiss on the grounds that Plaintiff failed to timely effectuate service of proper.  Although Plaintiff did not timely effectuate service in accordance with this Court's local rules, Defendant does not identify any prejudice from the delay in service.  In light of the facts that service has now been effectuated and there has been no prejudice, the Court declines to dismiss on the ground of failure to timely serve.

### b.    Exhaustion of Administrative Remedies

Defendant next moves to dismiss the hostile work environment and failure to promote claims on the ground that Plaintiff failed to exhaust her administrative remedies.

Prior to bringing a lawsuit pursuant to Title VII, an aggrieved employee must first exhaust her administrative remedies.  Mathirampuzha v. Potter, 548 F.3d 70, 74 (2d Cir. 2008).  A plaintiff may not pursue unexhausted claims or claims that are not reasonably related to those asserted in a timely charge of discrimination.  Id.

The Court finds that, for the following reasons, the allegation of a hostile work environment based on gender is neither asserted in the charge of discrimination nor reasonably related thereto.  First, on page four of the charge of discrimination, there is a box

for "sexual harassment."  Plaintiff did not check that box.  Rather, she merely indicated

discrimination on account of her female gender.  Second, on page five of the charge of

discrimination, Plaintiff did not check the box for "sexually harassed me."  Instead, she

checked the box of "harassed or intimidated me (other than sexual harassment)."  Third, in

the narrative section of the charge of discrimination, Plaintiff did not allege any facts

reasonably suggesting sexual harassment.  Rather, she generally claimed that she was

"abused for years," that Higgins said "I have a person watching you," Jake Dubb was very

"harsh" to her; Dubb was permitted to take away trash barrels; Plaintiff was asked about

pallets; Plaintiff was sent to the human resources office and "was suspended on grounds of

termination for breaking the 2nd last chance agreement," Higgins abused his position by

giving out overtime unfairly; and Higgins was able "to give out better paying jobs."  Nothing in

these allegations is suggestive of sexual harassment.

        The general allegations of "abuse" and "harassment," when considered within the

context of the overall charge, are insufficient to suggest a hostile work environment on

account of gender.   "'[I]t is the substance of the charge and not its label that controls.'"

Mathirampuzha, 548 F.3d at 76 (quoting Deravin v. Kerik, 335 F.3d 195, 201 (2d Cir. 2003)).

Plaintiff made no allegation of any specific incidents prior to June 24, 2010 and did not list

any examples of gender based harassment. Thus, the agency was not on notice to

investigate a gender-based hostile work environment.  Id.  Moreover, the allegations of

sexual harassment in the Complaint are not within the scope of an investigation reasonably

expected to grow out of the original charge and are not similar in nature to those alleged in

the charge.[4]  See Mathirampuzha, 548 F.3d at 76; Butts v. New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401-03 (2d Cir. 1993).  Accordingly, Plaintiff failed to exhaust her administrative remedies with respect to her claims of sexual harassment.  The hostile work environment claim (the Second Cause of Action) is, therefore, dismissed.

The Court similarly finds that Plaintiff failed to exhaust her claims of failure to promote.  On page five of the charge of discrimination, Plaintiff did not check the "denied me a promotion or pay raise" box.  Further, nowhere in the description of discrimination did Plaintiff make any mention of a failure to promote.  Accordingly, the allegations of a failure to promote are not asserted in the charge of discrimination and not reasonably related to it.

The Court finds that Plaintiff did exhaust the allegations concerning discriminatory discipline and whether she was given different or worse job duties than her co-workers.  Plaintiff's charge of discrimination specifically referenced her receipt of disciplinary notices and being given different or worse job duties.  Plaintiff described other employees being given overtime and better paying jobs.  Further, it is clear that the New York State Division of Human Rights investigated incidents of discipline.  Accordingly, these allegations were alleged in, or reasonably related to, the charge of discrimination.

### c.    Time Barred Allegations

Defendant next seeks to dismiss certain incidents as time barred because they were not asserted in a charge of discrimination filed within three hundred days of their

---

[4] A reading of the Determination and Order After Investigation of the New York State Division of Human Rights confirms that it did not interpret Plaintiff's charge of discrimination to be alleging a hostile work environment on account of her gender.

occurrence .  Plaintiff responds that all incidents should be considered under the continuous violation theory.

"A Title VII claim is time-barred if the plaintiff, after filing a charge with an appropriate state or local agency, does not file a charge with the EEOC within 300 days after 'the alleged unlawful employment practice.'" Elmenayer v. ABF Freight System, Inc., 318 F.3d 130, 133 (2d Cir. 2003) (quoting 42 U.S.C. § 2000e-5(e)(1) (2000) and citing National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 122 S. Ct. 2061, 2070 (2002)).  Here, Plaintiff filed her charge of discrimination on July 26, 2010.  Accordingly, any acts prior to September 29, 2009 are time-barred.

Having dismissed the hostile work environment claims, the remaining issue is whether Plaintiff has asserted an timely claims of discrimination that she properly exhausted. The incidents concerning Plaintiff's shorting a truck, being disciplined for improperly entering products into the computer before putting them on the shelves, being terminated in July 2009, being suspended in March 2007, and being disciplined in July 2009 all occurred prior to September 29, 2009.[5]  Because these are discrete incidents of discrimination, they are not subject to the continuing violation theory.

    **d.**   **Failure to State a Claim**

       1.        First Cause of Action

Defendant next moves to dismiss the first cause of action which alleges that Defendant violated Title VII by "providing men with better conditions and terms of work than

---

[5] Although Defendant contends that the two allegations of failure to promote in 2009 are time-barred, it is unclear whether those instances occurred prior to September 29, 2009.  The first incident is alleged to have occurred generally in 2009 without any specifics.  The second incident is alleged to have occurred in the Fall of 2009.  There could be facts demonstrating that these incidents occurred after September 29, 2009.

*men*," (emphasis added) on the ground that favoring some members of one gender over other members of the same gender generally is not unlawful.  In response, Plaintiff claims that her complaint contained a typographical error and that she meant to claim that Defendant provided men with better conditions and terms of work than women.  It is clear from the totality of the Complaint that Plaintiff intended to claim that men were treated more favorably than she was.  Plaintiff is granted leave to file an amended complaint fixing this error.

2.      Third Cause of Action

Defendant moves to dismiss the Third Cause of Action on the ground that there is no separate cause of action under Title VII for emotional harm.  A plaintiff may recover emotional damages for a violation of Title VII.  To obtain such damages, a plaintiff need not assert a separate claim of action for emotional harm.  See Bowen v. Niagara Mohawk Power Corp., 2006 WL 3096487, at * 7-8 (N.D.N.Y. 2006).  Thus, to the extent the third cause of action is a separate claim for emotional damages, it is dismissed as duplicative of her other claims.

3.      Fifth Cause of Action

Lastly, Defendant moves to dismiss the Fifth Cause of Action on the ground that there is no private cause of action for a violation of New York Labor Law § 162.  In response, Plaintiff concedes that there is no private right of action for a violation of § 162.  Accordingly, the Fifth Cause of Action is dismissed.

**IV.      CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is granted in part. Plaintiff's claims of a hostile work environment (Second Cause of Action) and failure to

promote are DISMISSED.  All allegations concerning incidents that occurred prior to

September 29, 2009 are DISMISSED.  Plaintiff's Third and Fifth Causes of Action are

DISMISSED.  In all other respects, Defendant's motion is DENIED.

IT IS SO ORDERED.

Dated:December 19, 2011

Thomas J. McAvoy
Senior, U.S. District Judge